IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARTHA EDWARDS**                                                                                          **PLAINTIFF**

V.                                                                                              NO. 4:18-CV-138-DMB-RP

**WAL-MART STORES, INC.**                                                                      **DEFENDANT**

### ORDER

This personal injury action is before the Court on the defendant's motion to dismiss. Doc. #4.

## I
## Procedural History

On July 6, 2018, Martha Edwards filed a complaint in the United States District Court for the Northern District of Mississippi against Wal-Mart Stores, Inc. Doc. #1. In her complaint, Edwards alleges that in July of 2015, she slipped and fell on a puddle while shopping at a Wal-Mart store in Helena, Arkansas, that she suffered injuries, and that the injuries were due to the defendant's negligence. *Id*. at 2–4.

On August 6, 2018, the Clerk of the Court issued a notice stating "that the court file does not show that a summons has been served … " on Wal-Mart Stores, Inc. Doc. #2. Two days later, a summons was issued. Doc. #3. On August 28, 2018, the defendant filed a motion seeking dismissal for (1) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2);[1] (2) improper venue under Rule 12(b)(3); (3) insufficient process under Rule 12(b)(4); (4) insufficient service of process under Rule 12(b)(5); and (5) under Rule 12(b)(7), failure to join a party as

---

[1] The defendant also argues that dismissal for lack of subject matter jurisdiction is proper under Rule 12(b)(2); however, none of the defendant's arguments concern this Court's subject matter jurisdiction. There is no dispute that this action—which involves more than $75,000 in controversy, a citizen of Mississippi, and a citizen of Delaware and Arkansas—falls within this Court's diversity jurisdiction.

required by Rule 19.  Doc. #4.   Edwards responded in opposition to the motion to dismiss on September 25, 2018.[2]  Doc. #8.[3]  The defendant replied on October 3, 2018.[4]  Doc. #10.

On October 10, 2018, this Court, noting that the case appeared to involve events in a different state, issued an order to show cause why this case should not be transferred to the Eastern District of Arkansas.  Doc. #11.  Edwards timely responded to the show cause order on October 17, 2018.  Doc. #12.  On October 30, 2018, the defendant filed a supplement to its motion to dismiss to address a service of process attempt made after the motion to dismiss was filed.[5]  Doc. #15.  Edwards responded to the supplement on November 12, 2018.  Doc. #17.

On November 25, 2018, Edwards filed a motion to amend her complaint to add Wal-Mart Stores East, L.P. and Walmart, Inc. as defendants in this action.  Doc. #18.  In her motion, Edwards argued that the additions are proper because (1) Wal-Mart Stores East "may be the owner of the subject store involved in this matter;" and (2) Wal-Mart Stores, Inc., the defendant, recently changed its legal name to Walmart, Inc. *Id*. at 1.  The defendant filed a response stating it did not object to the requested amendment but that because "Wal-Mart Stores, Inc. should be dismissed from this matter, … WalMart, Inc. would be an improper party."  Doc. #19 at 1.  On December 4, 2018, United States Magistrate Judge Roy Percy denied Edwards' motion to amend because Edwards failed to submit a proposed amended complaint, as required by this Court's Local Rules.  Doc. #20.

---

[2] Edwards sought and was granted an extension to respond.  Docs. #6, #7.

[3] By filing multiple documents as a single exhibit to her response, and by attaching this exhibit to her responsive memorandum, Edwards failed to comply with local rule procedural requirements.  *See* L.U. Civ. R. 7(b)(2).

[4] The reply was filed one day after the applicable deadline.  *See* L.U. Civ. R. 7(b)(4) ("Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief.").  The document was not considered for the purpose of resolving the motion.

[5] Because the defendant did not seek leave to file this supplement, the Court did not consider the supplement, or Edwards' response to the supplement, in resolving the motion to dismiss.

## II
## Analysis

Where, as here, a defendant raises the threshold defenses of personal jurisdiction (or the related issues of sufficiency and service of process)[6] and venue, "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).  However, "when there is a sound prudential justification for doing so, … a court may reverse the normal order of considering personal jurisdiction and venue." *Id*.  When the inappropriateness of venue is clear, there exists a sound prudential justification for considering venue before personal jurisdiction.  *See id*. at 181 ("We find it appropriate to pretermit the constitutional issue in this case because it is so clear that venue was improper either under § 27 of the 1934 Act or under § 1391(b) of the Judicial Code.").  While the Court is unconvinced about the appropriateness of venue in this case it concludes, for the reasons stated in Edwards' response to the show cause order,[7] that such appropriateness is not so clear as to reverse the preferred order of analysis.  Accordingly, the Court will first consider the defendant's argument regarding personal jurisdiction.

A personal jurisdiction inquiry requires a two-part analysis.  *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012).  First, the court must ask whether the defendant is amenable to suit under the relevant state's long-arm statute.  *Id*. at 496–97.  If the long-arm statute is satisfied, the court must ask "whether personal jurisdiction over th[e] dispute comports with the Due Process Clause of the Fourteenth Amendment."  *Id*. at 497.

---

[6] *See* Fed. R. Civ. P. 4(k)(1) ("Serving a summons … establishes personal jurisdiction over a defendant ….").

[7] Edwards argues that the witnesses in this case reside closer to the Greenville, Mississippi, courthouse than they do to any of the courthouses in the Eastern District of Arkansas.  Doc. #12.

Under the Due Process clause, personal jurisdiction "may be general or specific." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig*, 888 F.3d 753, 778 (5th Cir. 2018). General jurisdiction requires "continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum." *Id*. (internal quotation marks omitted). Specific jurisdiction, in contrast, requires only that the defendant have "purposefully direct[ed] his activities toward the state" and that the plaintiff's claim "arises out of or is related to the defendant's forum contacts." *Id*. (internal quotation marks and alterations omitted).

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the "plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). To determine whether a plaintiff has made a prima facie case, the court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id*. (alteration omitted). "[A]llegations in a … brief or legal memorandum are insufficient, even under the relatively relaxed prima facie standard, to establish jurisdictional facts." *Barrett v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001).

In its initial memorandum brief, the defendant contends:

> Wal-Mart Stores, Inc. has no responsibility or liability for the allegations of Plaintiff in her Complaint because Wal-Mart Stores, Inc. has no involvement, operation or control over the subject premises where the Plaintiff's slip and fall incident took place. In fact, the legal entity that operated the subject department store in West Helena, Arkansas, is Wal-Mart Stores East, L.P. That limited partnership is found under the laws of the State of Delaware with its principal place of business in the State of Arkansas … Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. Accordingly, this Court lacks … personal jurisdiction over Defendant Wal-Mart Stores, Inc.

Doc. #5 at 3–4.

4

Although less than clear, Edwards' response appears to argue that this Court has personal jurisdiction over the defendant because (1) the defendant would be subject to personal jurisdiction under Mississippi's long-arm statute; and (2) "[t]he facts show that it will not be hard to pierce the corporate veil of WAL-MART, INC. and that Wal-Mart Stores East, L.P. and WAL-MART Stores, INC are commingling."  Doc. #9 at 4–5.

Compliance with a state's long-arm statute does not on its own satisfy the Due Process clause.  *See Constenla, S.A.*, 669 F.3d at 497–501 (finding Mississippi long-arm statute satisfied but no jurisdiction absent general or specific jurisdiction).  Accordingly, compliance with Mississippi's long-arm statute does not show the requisite general or specific jurisdiction.

"As a general rule, … the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated."  *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).  However, "[t]his principle … is not inviolate. Rather, the presumption of institutional independence of related corporate entities may be rebutted by … showing … something beyond the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident."  *Id*. (quotation marks omitted).  To determine whether to disregard the corporate form for the purpose of establishing personal jurisdiction, a court should consider five non-exhaustive factors:

> (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.

*Id*.  In applying these factors, Fifth Circuit case law generally "demand[s] proof of control by one corporation over the internal business operations and affairs of another corporation to make the

5

other its agent or alter ego, and hence fuse the two together for jurisdictional purposes." *Id.* (alterations and quotation marks omitted).

Here, Edwards argues that piercing the corporate veil is appropriate because (1) Wal-Mart Stores East, L.P. (the apparent owner of the Arkansas store) has been listed as a "significant" subsidiary of the defendant; (2) an incident form regarding the incident has "Wal-Mart Stores, Inc." at the top; (3) the two entities share the same "principal address;" and (4) Anthony Walker serves as a vice president for Wal-Mart Stores, Inc. and as a general partner for Wal-Mart Stores East, L.P. Doc. #9 at 4–5; Doc. #8-1. These facts fail to satisfy the prima facie inquiry for numerous reasons.[8]

First, a subsidiary relationship does not show the level of control required for imputation of contacts. *See Freudensprung*, 379 F.3d at 346 (imputation requires "something beyond" corporate relationship). Second, the use of a form bearing a parent company's name, without more, suggests nothing about the level of control the parent company exerts over the subsidiary. Finally, while relevant to the control inquiry, neither the shared address nor the fact that a vice-president at the parent holds a general partner position in the subsidiary can establish a plaintiff's prima facie case for jurisdiction. *See MMI, Inc. v. Baja, Inc.*, 743 F.Supp.2d 1101, 1111–12 (D. Ariz. 2010) (evidence that entities shared same owner and address failed to establish prima facie case for imputation of contacts). Because Edwards has not shown a prima facie case of personal jurisdiction, dismissal of this action is warranted, but with leave to amend to correct the personal

---

[8] Edwards also argues that Wal-Mart Stores, Inc. is registered with the Mississippi Secretary of State and does "substantial business in Mississippi," and that "the [sic] is a Wal-Mart store in just about every county in Mississippi …." Doc. #9 at 5. However, "the existence of a registered agent, standing alone, is not sufficient to establish jurisdiction." *Griffin v. Ford Motor Co.*, No. 17-CA-442, 2017 WL 3841890, at *2 n.1 (W.D. Tex. Sep. 1, 2017) (collecting cases). Furthermore, Edwards cites no evidence to support her conclusory assertion regarding the defendant's business contacts with the state.

jurisdiction allegations and to add Wal-Mart Stores East.[9] *See St. Luke's Episcopal Hosp. v. La.. Health Serv. & Indem. Co.*, No. H-08-1870, 2009 WL 47125, at *12 n.6 (S.D. Tex. Jan. 6, 2009) ("A court may grant leave under Federal Rule of Civil Procedure 15(a) to replead to state a basis for personal jurisdiction.") (collecting authorities).

### III
### Conclusion

The defendant's motion to dismiss [4] is **GRANTED**.  Edwards' complaint is **DISMISSED** for lack of personal jurisdiction, with leave to file an amended complaint within fourteen (14) days of this order.

**SO ORDERED**, this 6th day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] Having reached this conclusion, the Court declines to consider the defendant's remaining arguments for dismissal.