# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARTHA EDWARDS**                                                                              **PLAINTIFF**

**V.**                                                                                        **NO. 4:18-CV-138-DMB-RP**

**WAL-MART STORES, INC., et al.**                                                **DEFENDANTS**

## ORDER TRANSFERRING CASE

On March 20, 2019, Martha Edwards filed a "First Amended Motion to Transfer Venue to the Eastern District of Arkansas."[1] Doc. #24. The defendants filed an untimely response to the motion on April 11, 2019.[2] Doc. #28. Edwards replied on April 16, 2019. Doc. #31.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Where a case is filed in an improper venue, 28 U.S.C. § 1406(a), "in the interest of justice," authorizes a "transfer [of] such case to any district or division in which it could have been brought."

In her motion, Edwards, invoking 28 U.S.C. § 1404(a), seeks a transfer of this slip and fall case to the Eastern District of Arkansas on the grounds that:

> The location of the incident happened in a Walmart Store in West Helena, Arkansas. Further, the Defendants' headquarters are in Bentonville, Arkansas. Due to the location of the Defendants and possible witnesses, the Eastern District of Arkansas may be a more convenience form [sic]. The only party not located in Arkansas is the Plaintiff.

Doc. #24 at ¶ 3 (footnote omitted).

---

[1] Earlier that day, Edwards filed a "Motion to Transfer Venue to the Eastern District of Arkansas." Doc. #23. The Court presumes the amended motion was intended to supersede the original filing.

[2] Because the response was untimely filed, the Court has not considered it in deciding Edwards' motion.

In considering Edwards' motion, it is unclear whether venue in this district is proper. However, the Court concludes for the reasons below that transfer to the Eastern District of Arkansas, an indisputably proper venue,[3] would be warranted under either transfer statute. Given this, the Court need not decide whether venue in this district is proper. *See Levin v. Majestik Surface Corp.*, 654 F. Supp. 2d 12, 14 n.2 (D.D.C. 2009) (where transfer warranted under both statutes, court need not decide propriety of venue).

First, to the extent venue in this district is proper, given the location of the accident, the location of the witnesses, and the location of the parties, the Court concludes that the interests of justice[4] would justify transfer to the Eastern District of Arkansas. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316–18 (5th Cir. 2008) (district court erred in not transferring action where both scene of accident and all relevant evidence located in different district). Second, if venue in this district is improper, transfer to the Eastern District of Arkansas (rather than dismissal) would also be appropriate because Edwards' claims would likely be barred by the applicable statute of limitations[5] if they were dismissed. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred.").

Accordingly, the amended motion to transfer [24] is **GRANTED**. This case is **TRANSFERRED** to the Eastern District of Arkansas. Edwards' original motion to transfer [23]

---

[3] *See* 28 U.S.C. § 1391(b) (venue proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

[4] The Court notes that there is a pending motion to dismiss, Doc. #26, and that a transfer would not be in the interests of justice if the case to be transferred would "clearly" be dismissed after the transfer. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). The propriety of dismissal is not clear at this point.

[5] Both Arkansas and Mississippi have a three-year statute of limitations for negligence claims. *Jenkins v. Pensacola Health Tr., Inc.*, 933 So.2d 923, 926 (Miss. 2006); *Bryan v. City of Cotter*, 344 S.W.3d 654, 656 (Ark. 2009).

is **DENIED as moot**.

**SO ORDERED**, this 25th day of July, 2019.

/s/**Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**